EXECUTORS OF SHINN ADSM. EXECUTORS OF PATERSON.

In case, assumpsit.

If an executor or administrator, plead payment with notice of set-off, under the statute, and obtain a verdict for a balance due to his testator or intestate, he may have judgment and execution thereon, with costs, if the plaintiff sued in his own right; but if he sued as executor or administrator, no judgment can therein be entered against him for such balance; but it becomes a debt of record, the truth of which cannot be questioned, and which can be enforced only by action of debt, or by *scire facias;* and which, must be responded to, according to the laws regulating the administration of estates.

The defendants pleaded payment, and gave notice of set-off under the statute. (*Elm. Dig.* 506.) On the trial, the jury found a small balance ($      ) due the defendants, as executors, &c.

Mr. *Wall* for the defendants, now moves that judgment be entered for the defendants, for the sum so found; and that they have execution for their costs, *de bon. test's. si non de bon. propriis,* against the plaintiffs.

*H. W. Green,* contra.

HORNBLOWER, C. J. Notwithstanding the learned counsel for the defendants, pressed his views of the construction of the statute, with great earnestness, upon the court, and with a perseverance that could not fail to convince us that he fully believed himself to be right, yet it does appear to me, that his construction is contrary to the plain and obvious meaning of the statute, and at war with the good sense and reason of the law. Before the act to enable mutual dealers to discount, there was no such thing as a set-off between parties—whether they had demands against each other in their own rights, or in the right of others, who they represented, they could only settle them by cross actions.

If then, in the absence of any such statute, the plaintiffs as administrators of Paterson had sued the defendants as administrators of Shinn, and had failed to recover, the defts. must have been left to their action for the amount due to them as administrators; and could not have recovered their costs of the defence in the first action. Now the act enabling mutual dealers to discount, was not intended to alter the liabilities of parties, nor to

make executors and administrators liable to costs, where they were not so, before that statute. The whole object of the statute was to save the necessity of cross actions, and where there were countervailing claims, between the parties, to settle them all, so far as might be, in one action. Hence it is carefully provided by the 12th Sect. (*Elm. Dig.* 506.) that if it shall appear that the accounts are balanced between the parties ; the jury shall find for the defendant, and, " unless the plaintiff or plaintiffs prosecute as executors or administrators," the defendant shall recover his costs, which is clearly equivalent to saying, " that if the plaintiffs prosecute as executors or administrators, the defendants shall not recover costs."

Then again, by the 14th sect. directions are given, as to what shall be done, where, upon a plea of payment and notice of set-off, a balance shall be found due to the defendant.

In such case, the jury are to find a verdict in favor of the defendant, for the sum so over paid, for which he shall have judgment and execution with costs, " unless the plaintiff or plaintiffs prosecute as executors or administrators," which is precisely the same thing as if the legislature had said, " but, if the plaintiff prosecutes as executor or administrator, then the defendant, although a balance is found due to him, shall not have such judgment and execution, with costs ;" and in lieu of such "judgment and execution with costs," the statute proceeds to direct, that " in such case, the sum so found by the jury, shall be deemed a debt of record, to be paid in the course of administration, and the defendant, for the recovery thereof, shall have," not an execution, but, " an action of debt, or a *scire facias* against the plaintiff."

But it is insisted by the counsel for the defendant, that in order to constitute the debt due the defendant, a debt of record, there must be a judgment entered for it, or at least that unless it is reduced to a judgment, no *sci. fac.* can be sued upon it. This it seems to me, is an unfounded assumption.

What were statutes merchant, and statutes staple, but bonds, or debts of record ? Yet they were not judgments. What are recognizances of special bail, and on writs of error, but debts of record, upon which a party may have, either an action of debt, or a *sci. fac ?* I see no difficulty in framing a declaration in debt

in a case like this; it would be only necessary to aver that in such an action, such proceedings were had, that the sum of so much had been found due to the plaintiff, who was defendant in that cause, and which sum, by force of the statute, had become a debt of record due to the plaintiff, and which he thereby became entitled to demand and recover from the defendant. Nor do I perceive any more difficulty in framing a *sci. fac.* calling upon the party to shew cause, why the plaintiff, who was defendant in the former action, should not have judgment and execution for such debt of record.

It appears, by the case of *Blackburne* v. *Markle*, 6 *Binn. R.* 174, that the statute of Pennsylvania, then in force, on this subject, did not, even in actions between parties suing and defending in their own right, authorize any judgment to be entered up in favor of a defendant, when by the verdict of a jury, or the report of referees, a sum of money was found due to him : but such sum was declared by the statute, to be a debt of record, and recoverable only by *sci. fac.* and the court in that case, upon a writ of error, reversed a judgment that had been rendered in the common pleas, in favor of a defendant, upon the report of referees, finding a balance due to him from the plaintiff.

Under the English law of set-offs, whether the plaintiff sues in his own right, or as executor or administrator, if there is a balance in favor of the defendant, his set-off operates, *pro tanto*, as a bar to the plaintiff's action, and he is driven to his suit at law, for the balance due him. (*Anth. N. P.* 146, note (*a*).) And the only difference, in this respect, between the British statutes and ours, is that under our statute, the surplus, or balance due the defendant, after liquidating the plaintiff's demand, is ascertained by the jury, and if the plaintiff sues in his own right, a verdict and judgment passes against him for the amount, with costs, but if the plaintiff sues as executor or administrator, the balance found due to the defendant, is conclusively fixed, and becomes a debt of record, the truth of which cannot afterwards be questioned ; but remains to be enforced against the plaintiff, by action of debt or *sci. fac.* and to which he must respond, according to the laws regulating the administration of estates, and his rights and duties, as executor or administrator.

The argument of counsel, founded on the suggestion, that an

executor or administrator knowing there was a balance due from his testator or intestate, to the defendant, might sue him, for the purpose of preventing a suit against himself, and thereby avoiding the payment of costs, is too speculative and visionary, to form the basis of a judicial opinion. An executor or administrator knowing or having reason to believe, that his testator or intestate was indebted to another, would be more likely to go and settle the account, and pay the balance, in due course of administration, than to hazard a lawsuit, which must always be more or less troublesome and expensive to himself, for the mere purpose of avoiding a bill of costs.

Upon the whole, after the most deliberate consideration, and a degree of research, which I should not have supposed the case required, but for the earnestness of the defendants' counsel, I am of opinion, the motion must be denied, and the defendant left to his remedy by action of debt or *scire facias* for the sum found due to him on the trial.

NEVIUS, J. The defendants in this case, filed a plea and notice of set off against the plaintiffs' claim, and upon the trial, the jury rendered a verdict in favor of the defendants, for a sum over paid by them or their testator. The defendants contend that upon the verdict, they are entitled to costs, and apply to this court to award them.

Costs as such were not recoverable by judgment in a direct way, at common law, but depend almost entirely upon statutory provision, which regulates the amount, and fixes the liability of parties. We must therefore resort to the statute, for the rule by which we are to be guided in the case before us.

By the act of February 18th, 1795, " concerning costs," *El. Dig.* 173, it is enacted, " that if any person shall sue in any court in this state, any action wherein the plaintiff might have costs, in case judgment should be given for him, and in case he should be non-prossed, non-suited or have a verdict pass *against* him on a lawful trial in such action, that then the defendant in such action shall have judgment to recover his costs against such plaintiff, (except executors or administrators prosecuting in right of their testators or intestates) to be assessed, and taxed, &c.

By this statute, all plaintiffs except executors and administrators, are liable to pay costs to the adverse party, in case of non-pros, non-suit, or verdict rendered against them, on a lawful trial. In the present case, a verdict having been rendered against the plaintiffs who prosecuted as executors, they are exempted from the payment of costs, by the proviso in the section above recited. But it is insisted by the defendants' counsel, that the act of November, 1797, " concerning obligations and to enable mutual dealers to discount," *El. Dig.* 506, qualifies the rule contained in the former statute. This latter statute enacts " That if it shall appear upon a trial (when the defendant has pleaded payment and given notice of set-off) that the plaintiff is over paid, the jury shall find a verdict for the defendant, for the sum so over paid, for which he shall have judgment and execution with costs, unless the plaintiff prosecute as executor or administrator, *in which case* the sum so found by the jury shall be deemed a debt of record, to be paid in the course of administration ; and the defendant for recovery thereof, shall have an action of debt or *scire facias* against the plaintiff in such action."

It is contended that the exception in this statute, cannot by fair construction, exonerate the plaintiffs in this suit, from the payment of costs to the defendant ; and it is argued that such a construction would enable executors or administrators to evade the payment of costs, by first bringing a suit, though their testators or intestates were really the debtors. However plausible the argument, it cannot settle the rule of construction. In all cases of plaintiffs prosecuting in their own right, and having a verdict *for the defendant*, it provides that a judgment be rendered and an execution with costs be awarded to the defendant. But if they prosecute in a representative capacity, no judgment whatever can be rendered. It is true, the verdict in such case shall be deemed a debt of record, but without judgment, no cost can be awarded. The verdict barely establishes a debt against the plaintiff, which the statute declares shall be esteemed a debt of record, so that it cannot afterwards be controverted by the plaintiff, but it is not a debt of record to be recovered by execution. The remedy provided for its recovery, is by an action to which the plaintiff may plead that he has fully administered the estate,

that he has no assets, and if such plea be true, no costs can be awarded against him.

It is manifest therefore, that the Legislature did not design to make a plaintiff executor respond in costs, in a case like this, when in truth he might have availed himself of such plea, and avoided the payment of costs, had he been originally prosecuted by the defendant, for the recovery of the balance of accounts, or the sum so over-paid, cannot therefore yield to the construction contended for by the defendants' counsel, and I am of opinion that the defendants are not entitled to costs in this case.

FORD and WHITE, Justices, concurred.

DAYTON, Justice, had been of counsel, and gave no opinion.

*Motion denied.*

Decided orally at Sept. Term, 1839.